UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| RIMA JONES, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:18-cv-567-CHB |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| DENIS BOWLES, | ) |
| | ) |
| Defendant. | ) |

*** *** *** ***

The *pro se* plaintiff, Rima Jones, is proceeding without the prepayment of fees, or *in forma pauperis*. Therefore, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the action will be dismissed.

## I. SUMMARY OF CLAIMS

The plaintiff, a resident of Kentucky, sues "Denis Bowles or Current Residen[t]," also located in Kentucky. She states that she brings suit under this Court's federal-question jurisdiction for "constitutional rights and civil rights." She alleges that the defendant intentionally dug a hole in his back yard and took a city fence down. She states that she lives on the top of a hill and when it rains or snows "sand from my backyard rolls down to the hole and fill[s] it up. With a Bobcat Defendant empties it again." As relief, she requests, "Reinstate sand level supporting house foundation to level previous," as well as compensatory and punitive damages, interest, costs, and attorneys' fees.

## II. ANALYSIS

Upon review under § 1915, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

First, however, the Court must determine whether it has jurisdiction over this action. It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Federal courts have an independent duty to determine whether they have jurisdiction and to police the boundaries of their own jurisdiction. *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The complaint indicates that the plaintiff seeks to bring this action based on federal-question jurisdiction pursuant to 28 U.S.C. § 1331. Under § 1331 of Title 28 of the U.S. Code, "The district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The complaint also refers to constitutional and civil rights. "[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704 (9th Cir. 1992). To state a § 1983 claim, the plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).

Section 1983 typically cannot be used to bring an action against a private citizen, like the plaintiff's neighbor, the defendant in this action. Only if the alleged infringement of federal rights is fairly attributable to the state may private persons be held to be state actors. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). "This circuit has recognized as many as four tests to aid courts in determining whether challenged conduct is fairly attributable to the State": (1) the nexus test or symbiotic relationship test, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961); (2) the public function test, *West v. Atkins*, 487 U.S. 42, 49–50 (1988); *Flagg Bros. v. Brooks*, 436 U.S. at 157; (3) the state compulsion test, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970); and (4) the entwinement test, *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 291 (2001). *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) (*citing Vistein v. Am. Registry of Radiologic Technologists,* 342 F. App'x. 113, 127 (6th Cir. 2009). Nothing in the complaint suggests that the defendant should be considered a state actor under any of these tests. The Court therefore concludes that the plaintiff has not met her burden of establishing the Court's authority to hear this case. *Kokkonen*, 511 U.S. at 377.

### III. **CONCLUSION**

For the foregoing reasons, the instant action will be dismissed for lack of jurisdiction by separate Order.

Date: June 4, 2019

Claria Boom, District Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendant
A958.009